HENRY J. DAVIS, APPELLEE, V. HENRY E. CLARK,
APPELLANT.

FILED OCTOBER 31, 1913.   No. 17,144.

Appeal: CONFLICTING EVIDENCE.  When the trial court, without ob-
jection, submits the case to the jury upon one question of fact
involved in the issues, and the evidence upon the question so
submitted is substantially conflicting, a general verdict of the
jury will not be set aside upon appeal to this court, unless the
finding upon the issue so submitted is clearly wrong.

APPEAL from the district court for Morrill county:
HANSON M. GRIMES, JUDGE.  *Affirmed.*

*G. J. Hunt,* for appellant.

*Williams & Williams, contra.*

SEDGWICK, J.

This action was begun in the county court, and after-
wards appealed to the district court for Morrill county.
The plaintiff alleged that he sold one of his cows to a
butcher for $26, and afterwards the defendant claimed to
be the owner of the cow, and by reason of the threats of
the defendant the plaintiff did pay to the defendant the
sum of $50, under duress, and asked for a judgment for
the $50 and interest.  The defendant alleged that the cow
in question was his, and denied the allegation that plain-
tiff paid the money under duress.  The jury rendered a
verdict in favor of the plaintiff for $50 and interest, and
judgment was rendered thereon, from which the defend-
ant has appealed.

There was a large amount of evidence introduced on
both sides, and apparently without objection, as to the
ownership of the cow.  This evidence appears not to be
conclusive either way.  The witnesses for the plaintiff
are quite positive, and identify the cow as his.  The wit-
nesses for the defendant are equally positive, and identify

the cow as the property of the defendant. The parties both kept other stock, and it appears that it was not unusual for the animals to stray from one herd to another, so that the parties relied principally upon the brand for identification of the animal. After this animal had been slaughtered, many witnesses examined the hide, and about an equal number on each side testified positively to the brand. The question was whether the brand which they found was an "H" or a "4." It appears that the county judge and another officer had carefully examined the hide upon the trial in the county court, and they testified that it was impossible to tell whether the brand was an "H" or a "4." These witnesses were disinterested and their evidence upon this point was undoubtedly reliable. It appears, then, that as to the ownership of the animal the evidence is in doubt and the question is apparently incapable of solution. Such questions have more than once resulted in almost interminable litigation, with loss to both parties.

The court instructed the jury that "the question as to who was the owner of the animal in question, the plaintiff or the defendant, is not an issue in this case." It appears that the parties so considered it, and no objection was taken to this instruction, and no modification or explanation asked for, although the evidence is mainly directed to the question of ownership. They have not required the jury to consider the ownership of the property as bearing upon the good faith or want of good faith of the respective parties. They have tried and submitted the case upon the sole question as to whether the plaintiff paid the $50 to the defendant to avoid arrest. The court and the parties no doubt considered that it would be impossible to determine satisfactorily the ownership of the property, and that equity under such circumstances is with the party in possession, and, in order to have a speedy end to such unprofitable litigation, made the result depend upon the simple question, whether the plaintiff paid defendant the $50 as a voluntary payment on his

part or to avoid arrest and litigation. Upon this question the evidence is very conflicting. Mr. Hunt and other apparently fair and competent witnesses testified to facts indicating that the plaintiff was convinced that he had made a mistake in selling the defendant's cow, and on that consideration paid the $50, rather than because he was afraid of arrest. On the other hand, many witnesses testified to facts indicating that the plaintiff paid the money solely for the purpose of avoiding an unjust prosecution.

We cannot determine this controverted question of fact as an original question, but, the evidence being substantially conflicting, we are controlled by the verdict of the jury, and, as the result of this litigation was made depend upon this question of fact, the judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.